**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN**

JULIE BUSH, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

MANSUETO VENTURES LLC, a
Delaware limited liability company,

        Defendant.

Case No.: 2:15-cv-13716

Hon. Paul D. Borman

**ANSWER AND AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Mansueto Ventures LLC ("MV"), by and through its undersigned

attorneys Honigman Miller Schwartz and Cohn LLP and Cooley LLP, serves the

following Answers and Affirmative Defenses in response to the Class Action

Complaint and Demand for Jury Trial, dated October 20, 2015 (the "Complaint").

Titles or headings contained in the Complaint are reproduced in this Answer

for organizational purposes only, and MV does not admit any matter contained

therein.

**A.  ANSWER
Nature Of The Case**

1.  MV admits that it publishes *Inc.* and *Fast Company* magazines.

Plaintiff's remaining allegations in paragraph 1 contain vague and ambiguous

characterizations and, on this basis, MV denies the same.  Except as expressly

admitted, and taking into account the vague and ambiguous nature of Plaintiff's allegations, MV denies the allegations in paragraph 1.

2.    MV admits that it has disclosed in issues of *Inc.* and *Fast Company* that: "Our subscriber list is occasionally made available to carefully selected firms whose products or services may be of interest to you.  If you prefer not to receive information from these firms, ... [please let us know]."  Plaintiff's remaining allegations in paragraph 2 contain argument, disputed legal conclusions (including, but not limited to, disputed legal conclusions as part of the definition of "Personal Reading Information"), and vague and ambiguous characterizations to which no response is required.  To the extent a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, except as expressly admitted, MV denies the allegations in Paragraph 2.

3.    MV denies the allegations contained in Paragraph 3.

4.    MV denies the allegations contained in Paragraph 4.

5.    Paragraph 5 contains Plaintiff's characterization of her own action to which no response is required.  To the extent that a response is required, MV denies that Plaintiff is entitled to any relief.

6.    MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis denies the allegations contained in Paragraph 6.

7.     MV admits that it is a Delaware limited liability company with its principal place of business at 7 World Trade Center, New York, New York 10007, that it does business in this District, the State of Michigan, and the United States, and that it is registered to conduct business in Michigan.  Except as otherwise admitted, denied.

8.     The allegations in Paragraph 8 state legal conclusions to which no response is required.  To the extent a response is required, MV admits that it does business in Michigan as alleged in Paragraph 8, but denies the remaining allegations in Paragraph 8.

9.     The allegations contained in Paragraph 9 state legal conclusions to which no response is required.  To the extent a response is required, MV believes Plaintiff lacks standing and has suffered no injury, and on this basis, MV denies this Court has subject matter jurisdiction over this dispute.

10.     The allegations contained in Paragraph 10 state legal conclusions to which no response is required.  To the extent a response is required, MV admits that it has subscribers in this District, but denies knowledge and information sufficient to form a belief as to where Plaintiff resides.  Except as otherwise admitted, denied.

## Factual Background
## I.  An Overview Of The VRPA

11.    The allegations contained in Paragraph 11 contain irrelevant, out of context, incompletely excerpted quotes and/or legal conclusions to which no response is required.  To the extent that a response is required, MV refers the Court to the document cited therein, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies the allegations in Paragraph 11.

12.    The allegations contained in Paragraph 12 contain irrelevant, out of context, incompletely excerpted quotes and/or legal conclusions to which no response is required.  To the extent that a response is required, MV refers the Court to the document cited therein, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies the allegations in Paragraph 12.

13.    The allegations contained in Paragraph 13 contain an out of context, incompletely excerpted quote and/or legal conclusions to which no response is required.  To the extent that a response is required, MV refers the Court to the document cited therein, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies the allegations in Paragraph 13.

14.     The allegations contained in Paragraph 14 contain out of context and incompletely excerpted quotes and/or legal conclusions to which no response is required.  To the extent that a response is required, MV refers the Court to the documents cited therein, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies the allegations in Paragraph 14.

15.     The allegations contained in Paragraph 15 contain out of context and incompletely excerpted quotes and/or legal conclusions to which no response is required.  To the extent that a response is required, MV refers the Court to the documents cited therein, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies the allegations in Paragraph 15.

16.     The allegations contained in Paragraph 16 contain irrelevant, out of context, incompletely excerpted quotes and/or legal conclusions to which no response is required.  To the extent that a response is required, MV refers the Court to the document cited therein, and otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies the allegations in Paragraph 16.

17.     The allegations contained in Paragraph 17 state irrelevant legal conclusions to which no response is required.  To the extent that a response is

required, MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies the allegations in Paragraph 17.

18.     The allegations contained in Paragraph 18 contain an irrelevant, out of context, incompletely excerpted quote and/or legal conclusions to which no response is required. To the extent that a response is required, MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies the allegations in Paragraph 18.

19.     The allegations contained in Paragraph 19 state irrelevant legal conclusions to which no response is required.  To the extent that a response is required, MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies the allegations in Paragraph 19.

20.     The allegations contained in Paragraph 20 state irrelevant legal conclusions to which no response is required.  To the extent that a response is required, MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies the allegations in Paragraph 20.

21.    The allegations contained in Paragraph 21 state irrelevant legal conclusions to which no response is required.  To the extent that a response is required, MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies the allegations in Paragraph 21.

22.    Plaintiff's allegations in Paragraph 22 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations to which no response is required.  To the extent a response is required, MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and on that basis denies them.

23.    MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis denies them.

### III.  Mansueto Unlawfully Discloses Its Subscribers' Personal Reading Information

24.    MV admits that it possesses some information regarding certain subscribers to its magazines.  Plaintiff's remaining allegations in Paragraph 24 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations to which no response is required.  To the extent a response is required, taking into

account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, except as expressly admitted, MV denies the allegations in paragraph 24.

25.     Plaintiff's allegations in Paragraph 25 contain argument, legal conclusions (including, but not limited to, via reference to Paragraph 24 the disputed term Personal Reading Information), and vague and ambiguous characterizations, and on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 25.

26.     MV admits that it possesses some information regarding certain subscribers to its magazines.  Plaintiffs remaining allegations in Paragraph 26 contain argument and improper vague and ambiguous characterizations to which no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, except as expressly admitted, MV denies the allegations in Paragraph 26.

27.     MV denies the allegations contained in Paragraph 27.

28.     MV denies the allegations contained in Paragraph 28.

29.    MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis denies them.

30.    MV admits that its subscriber list for *Inc.* includes a person with a Michigan address named Julie Bush, but denies that Julie Bush purchased a subscription to *Inc.* from MV.  Except as otherwise admitted, denied.

31.    MV admits the allegations contained in Paragraph 31.

32.    Plaintiff's allegations in Paragraph 32 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations to which no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 32.

33.    Plaintiff's allegations in Paragraph 33 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations to which no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 33.

34.    Plaintiff's allegations in Paragraph 34 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations to which no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 34.

35.    Plaintiff's allegations in Paragraph 35 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations to which no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 35.

36.    MV denies the allegations contained in Paragraph 36.

37.    Plaintiff's allegations in Paragraph 37 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations to which no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 37.

38.     MV denies the allegations contained in the first and last sentences of Paragraph 38.  MV lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 38 and on that basis denies them.

## Class Action Allegations

39.     The allegations contained in Paragraph 39 state legal conclusions to which no response is required.  To the extent that a response is required, MV admits Plaintiff purports to bring this lawsuit as a class action on behalf of the class described in Paragraph 39 but denies this action meets all applicable class certification requirements.  Except as otherwise admitted, denied.

40.     MV denies the allegations contained in Paragraph 40.

41.     MV denies the allegations contained in Paragraph 41.

42.     MV denies the allegations contained in Paragraph 42.

43.     MV denies the allegations contained in Paragraph 43.

44.     MV denies the allegations contained in Paragraph 44.

45.     MV denies the allegations contained in Paragraph 45.

46.     To the extent a response is required to the allegations contained in Paragraph 46, MV denies them.

### First Cause of Action
### Violation of the M.C.L. § 445.1712
### <u>(On Behalf of Plaintiff and the Class)</u>

47.     MV incorporates its responses to Paragraph 1-46 as if fully set forth herein.

48.     The allegations contained in Paragraph 48 state legal conclusions to which no response is required.  To the extent that any response is required, MV denies the allegations in Paragraph 48.

49.     The allegations contained in Paragraph 49 are legal conclusions to which no response is required.  To the extent that a response is required, MV denies the allegations in Paragraph 49.

50.     The allegations contained in Paragraph 50 are legal conclusions to which no response is required.  To the extent that a response is required, MV denies the allegations in Paragraph 50.

51.     Plaintiff's allegations in Paragraph 51 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations and, on this basis, no response is required.  To the extent that a response is required, MV denies the allegations in Paragraph 51.

52.     Plaintiff's allegations in Paragraph 52 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading

Information), and vague and ambiguous characterizations and, on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 52.

53.   Plaintiff's allegations in Paragraph 53 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations and, on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 53.

54.   Plaintiff's allegations in Paragraph 54 contain argument, legal conclusions (including, but not limited to, via the reference to Paragraphs 51-53, the disputed term Personal Reading Information), and vague and ambiguous characterizations and, on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 54.

55.   Plaintiff's allegations in Paragraph 55 contain argument, legal conclusions (including, but not limited to, via the reference to Paragraphs 51-53, the disputed term Personal Reading Information), and vague and ambiguous

characterizations and, on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 55.

56.    Plaintiff's allegations in Paragraph 56 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations and, on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 56.

57.    Plaintiff's allegations in Paragraph 57 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations and, on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 56.

58.    MV admits that the allegations in the Complaint vis-à-vis the one individual Julie Bush do not pertain to disclosures pursuant to a court order, search warrant or grand jury subpoena.  Except as otherwise admitted, denied, including

denying that MV disclosed Bush's Personal Reading Information (as that term is defined in the Complaint).

59.   MV admits that the allegations in the Complaint vis-à-vis the one individual Julie Bush do not pertain to disclosures made to collect payment for subscriptions.  Except as otherwise admitted, denied, including denying that MV disclosed Bush's Personal Reading Information (as that term is defined in the Complaint).

60.   Plaintiff's allegations in Paragraph 60 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations and, on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 60.

61.   The allegations contained in Paragraph 61 are legal conclusions to which no response is required.  To the extent that a response is required, MV denies them.

62.   The allegations contained in Paragraph 62 are legal conclusions to which no response is required.  To the extent that a response is required, MV denies them.

63.    The allegations contained in Paragraph 63 are legal conclusions to which no response is required.  To the extent that a response is required, MV denies them.

64.    MV denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first clause of Paragraph 64.  As to the remaining allegations in Paragraph 64, denied.

65.    MV denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 regarding Bush's knowledge.  MV denies the remainder of Paragraph 65.

66.    Plaintiff's allegations in Paragraph 66 contain argument, legal conclusions (including, but not limited to, the disputed term Personal Reading Information), and vague and ambiguous characterizations and, on this basis, no response is required.  To the extent that a response is required, taking into account the vague, ambiguous, argumentative and conclusory nature of Plaintiff's allegations, MV denies the allegations in Paragraph 66.

67.    MV denies the allegations contained in Paragraph 67.

**Second Cause Of Action**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

68.    MV incorporates its response to Paragraphs 1-67 as if fully set forth herein.

69.    The allegations contained in Paragraph 69 are legal conclusions to which no response is required.  To the extent that a response is required, MV denies them.

70.    MV denies the allegations contained in Paragraph 70.

71.    The allegations contained in Paragraph 71 are legal conclusions to which no response is required.  To the extent that a response is required, MV denies them.

72.    The allegations contained in Paragraph 72 are legal conclusions to which no response is required.  To the extent that a response is required, MV denies them.

73.    The allegations contained in Paragraph 73 contain legal conclusions to which no response is required.  To the extent that a response is required, MV denies any actual damage and denies knowledge or information sufficient to form a belief with respect to the purchasing decision of Bush and the putative Class members.  As to all other allegations, denied.

74.    MV denies the allegations contained in Paragraph 74.

75.    Paragraph 75 contains Plaintiff's characterization of her own action to which no response is required.  To the extent that a response is required, MV denies that Plaintiff is entitled to any relief.

## II.  AFFIRMATIVE DEFENSES

Mansueto asserts the following affirmative defenses and reserves the right to amend its answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate to assert such affirmative defenses.  In asserting these defenses, MV does not assume the burden of proof for any issue that would otherwise rest on Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class lack standing under U.S. CONST. art. III, § 2, and/or the Video Rental Privacy Act ("VRPA"), to assert the claims stated in the Complaint and to seek some and/or all of the relief requested.

### THIRD AFFIRMATIVE DEFENSE

MV is not "engaged in the business of selling at retail," and neither Plaintiff nor others alleged to be members of the putative class purchased books or other written material at "retail" as required under the VRPA. M.C.L. § 445.1712.

### FOURTH AFFIRMATIVE DEFENSE

The VRPA does not apply since a magazine subscription is not "written material" sold "at retail" within the meaning of the statute. M.C.L. § 445.1712.

## FIFTH AFFIRMATIVE DEFENSE

Any complained of disclosures were provided to employees or agents of MV.  M.C.L. § 455.1712.

## SIXTH AFFIRMATIVE DEFENSE

Any complained of disclosures were done for "the exclusive purpose of marketing goods and services directly to the consumer."  M.C.L. § 455.1713(d).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class were informed by written notice that she/they may "remove his or her name at any time."  M.C.L. § 445.1713(d).

## EIGHTH AFFIRMATIVE DEFENSE

Any disclosures made by MV were made pursuant to the exceptions allowed under M.C.L. § 445.1713.

## NINTH AFFIRMATIVE DEFENSE

Awarding Plaintiff and/or others alleged to be members of the putative class the relief sought in the Complaint would violate MV's rights to due process of law under the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred, in whole or in part, by the applicable statutes of limitation, statutes of repose, and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred, in whole or in part, by the doctrines of waiver or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class impliedly and/or expressly consented to the disclosure of the complained of information.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred, in whole or in part, because Plaintiff and/or others alleged to be members of the putative class failed to mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred, in whole or in part, because MV at all relevant times acted in good faith and/or in substantial compliance with applicable federal and state laws and regulations.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class have not incurred any actual damage to justify relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action cannot properly be brought as a class action and the requirements of Rule 23, Fed. R. Civ. P., for certification of a class are not, and cannot be, met in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks injunctive relief, such relief is barred because, among other reasons, there is neither continuing harm nor any real and immediate danger of injury in the future.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The VRPA, as alleged and/or applied in this case, violates the First Amendment of the United States Constitution because, *inter alia*, it imposes a burden based on the content of the speech and the identity of the speaker.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims for unjust enrichment fail as a matter of law because each of them received the benefit of the bargain.

## TWENTIETH AFFIRMATIVE DEFENSE

MV alleges it may have additional defenses that cannot be articulated at this time due to Plaintiff's failure to particularize her claim and due to the vague and ambiguous nature of the Complaint's allegations.  As such, MV reserves the right to amend its answer or seek leave to do so to add additional defenses based on its ongoing investigation and discovery into the matters alleged in the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, MV respectfully requests that the Court dismiss Plaintiff's claims, enter judgment in MV's favor and against Plaintiff on her Complaint, and grant MV such other relief as this Court deems just and proper, including:

(i)    denial of class certification;

(ii)    dismissal of Plaintiff's claims with prejudice;

(iii)    denial of all relief required by Plaintiff;

(iv)    all further relief to which MV may be entitled in law or in equity.

Dated: January 14, 2016

/s/ Robert M. Jackson                          Michael G. Rhodes
Robert M. Jackson (P40723)            Scott Dailard
Arthur T. O'Reilly (P70406)            Cooley LLP
Honigman Miller Schwartz and Cohn, LLP    4401 Eastgate Mall
660 Woodward Avenue                    San Diego, California  92121-1909
2290 First National Building          (858) 550-6062
Detroit, MI 48226                      mrhodes@cooley.com
(313) 465-7430                         sdailard@cooley.com
rjackson@honigman.com
aoreilly@honigman.com
*Attorneys for Defendant Mansueto Ventures LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2016, I electronically filed the foregoing Answer and Affirmative Defenses to Class Action Complaint and Demand for Jury Trial with the Clerk of the Court via the ECF system, which shall send a notification of such filing to all counsel of record.

By: <u>/s/ Robert M. Jackson</u>
      Robert M. Jackson (P40732)
      Honigman Miller Schwartz and Cohn LLP
      660 Woodward Avenue
      2290 First National Building
      Detroit, MI 48226
      Telephone: (313) 465-7400
      <u>rjackson@honigman.com</u>

20664814.1